## NECESSARY PARTIES IN SUIT FOR SALE OF LAND TO PAY DEBTS.

[Court of Common Pleas of Franklin County.]

MARY KUMMER v. EDWARD L. LAKE AND O. M. STAFFORD.

Decided, February 6, 1903.

*Section 6142 Construed—Sale of Real Estate to Pay Debts of Decedent— Parties—Lienholders.*

1. Statutes regulating the sale of real estate of a decedent by his executor or administrator for the payment of his debts should be strictly construed.
2. A judgment creditor of an heir or devisee is not a necessary party to a suit to pay the debts of the deceased ancestor or devisor. Protection to his rights is found in Section 6171.

BEACOM, J.

In January, 1898, Elizabeth Lapp died seized of an estate in fee simple in certain lands, leaving a will, by which she gave and devised to her six children each an equal share of her estate after payment of debts. Of these six children, defendant, Edward L. Lapp, was one.

Thereafter, one Hanbach was appointed executor and qualified and entered upon duties of his office, and later filed petition in Probate Court of Cuyahoga County for sale of certain lands to pay debts of testator. In this proceeding Edward L. Lapp was made party defendant, and probate court found it necessary to sell said lands to pay debts of decedent, and ordered appraisal and sale, and said lands were appraised and sold and sale was reported to probate court, which approved and confirmed the same, and executor was ordered to make a deed to the defendant, Stafford, which was done.

Previous to said sale, plaintiff herein, Mary Kummer, obtained a judgment against defendant, Edward L. Lapp, which judgment is still unsatisfied, and issued execution and levied upon lands described in petition. Said lands are those sold under direction of probate court by Hanbach, executor of estate of Elizabeth Lapp, and it was sought to levy upon interest of Edward L. Lapp in said

land, which interest was that which he had acquired by devise from his mother, Elizabeth Lapp.

It is admitted that all things above mentioned were duly and regularly done unless it be in matter that we shall now consider.

In proceeding to sell lands for payment of debts plaintiff herein was not made a party. She claims that, under Section 6142, Rev. Stat., she is a necessary party, and her demurrer to answer of defendant, Stafford, raises question whether or not a person who holds a lien upon interest of heir or devisee is a necessary party to proceeding for sale of land to pay debts of ancestor or devisor.

Title to land is always vested in some one. Upon death of ancestor title passes to heir, and upon that of devisor, to devisee. In either case, however, creditors have, in morals and in law, a title superior to that of heir or devisee, the latter being entitled only to what is left after payment of debts of deceased.

Previous to 1858, it was not necessary to make a mortgagee or other lienholder a party to action for the sale of land to pay debts. A statute passed in that year made them necessary parties. *Defrees* ·v. *Greenham,* 11 Ohio St., 486; *Stein* v. *Steamboat,* 17 Ohio St., 472.

The sections of the statutes regulating the manner in which lands may be sold by executor for payment of debts of decedent are, so far as this case is concerned, substantially Sections 6136, 6137, 6141, 6142, 6147, 6162 6165 and 6171. These sections not only regulate manner in which sale shall be made, but are evidently intended to place strict limits upon such sales and to prevent the making of such sales except when necessary.

Section 6136, Rev. Stat., provides that as soon as executor shall ascertain that personalty is insufficient to pay debts he shall apply to probate or common pleas court for authority to sell real estate; Section 6137, Rev. Stat., that executor or administrator shall commence action in probate or common pleas court of county where land is situated; and Section 6141, Rev. Stat., that petition shall set forth four things: (1), Amount of debts; (2), costs of administration; (3), value of personalty; (4), description and value of realty sought to be sold.

Section 6142, Rev. Stat., enumerates parties and provides that they shall be "the widow of the deceased, and the heirs, devisees, or persons having the next estate of inheritance from the deceased, and all mortgagees and other lienholders," etc.

Plaintiff herein claims she comes within provisions of this statute and is a lienholder within its meaning.

Section 6147, Rev. Stat., provides that if court be satisfied upon hearing petition that it is necessary to sell land to pay debts, it shall order sale of so much as is necessary to pay those debts; Section 6162, Rev. Stat., for return by executor of his proceedings under order of sale and for a careful examination by the court of such return; Section 6165, Rev. Stat., for application of proceeds, providing they shall go: first, to discharge of costs; second, to payment of mortgages; and, third, to discharge of claims and debts of decedent. Finally, Section 6171, Rev. Stat., provides that any surplus shall be treated as realty.

It appears to the court that the Legislature intended that land should not be sold for payment of debts until personalty was exhausted. Then recourse could be had to realty. But in order to acquire right to sell realty, a proceeding must be begun in court, and the court must be satisfied that sale is necessary to pay debts, and court is required to scrutinize the matter, both before sale and after sale, and, in order that no unnecessary sale be made, mortgagees and heirs or devisees are required to be made parties. The intention of the Legislature is clear that land of a decedent shall never be sold except when it actually belongs to creditors, when heirs or devisees have no interest therein, or very slight interest, because proceeds would be absorbed in payment of debts. That being the spirit and general character of this legislation, it seems clear that the Legislature did not deem it necessary to make any one a party who had so remote an interest in the proceeds as a judgment creditor of an heir or devisee. The legislators did not intend that sales should be made where there would be anything left for creditors of heirs or devisees, and have placed in the hands of court complete power to prevent sales where there would be substantial surplus. Such being a principle that runs through this

legislation, it appears improbable that the Legislature intended persons should be made parties whose interests were so vague.

Moreover, as suggested above, in the early history of the law in Ohio, this proceeding was treated as one to which judgment lienholders were not necessary parties, and, therefore, when Section 6142, Rev. Stat., provides that they "shall be made parties," that statute, being a modification of the previous rule of common law, must be strictly construed, and the word *lienholder,* under which plaintiff herein claims to have rights, must be strictly construed, and under such construction, it does not appear to the court that she is intended to be included.

Further, Section 6171, Rev. Stat., seems to protect the rights of person situated as is plaintiff, for it therein provides that any surplus left after payment of creditors of the deceased, shall be treated as land, and doubtless her rights to that surplus are the same as were her rights in the land. The only decision on this question in Ohio is by a probate court, reported in Anonymous, 25 Bull., 102. It is well reasoned, but the matter is so important that a ruling should be obtained from the highest court in the state. I trust this present cause will go there for decision.

Demurrer to answer overruled.

Plaintiff not desiring to reply, judgment is entered for defendants.

*W. O. Mathews,* for plaintiff.

*Winch & Thompson,* for defendants.